**IN THE COURT OF APPEALS OF IOWA**

No. 15-0707
Filed July 9, 2015

**IN THE INTEREST OF J.S.,**
**Minor Child,**

**K.C., Father,**
      Appellant,

**E.S., Mother,**
      Appellant.

_____

Appeal from the Iowa District Court for Mahaska County, Rose Anne
Mefford, District Associate Judge.

A father and mother appeal separately from the order terminating their
parental rights. **AFFIRMED ON BOTH APPEALS.**

Michael S. Fisher of Fisher Law Office, Oskaloosa, for appellant father.

Diane Crookham-Johnson of Crookham-Johnson Law Office, P.L.L.C.,
Oskaloosa, for appellant mother.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant
Attorney General, Ed Bull, County Attorney, and Amber N. Rivera, Assistant
County Attorney, for appellee State.

Eric Palmer, Oskaloosa, for minor child.

Considered by Danilson, C.J., and Vaitheswaran and Doyle, JJ.

**DANILSON, C.J.**

The mother and father appeal separately the juvenile court's termination of their parental rights to their son, J.S. The mother maintains the Iowa Department of Human Services (DHS) failed to make reasonable efforts to reunify J.S. with the mother. The father maintains termination of his parental rights was not in the child's best interests. Neither parent disputes that the statutory grounds for termination have been met. Because we find DHS made reasonable efforts to reunify J.S. with the mother, termination is in J.S.'s best interests, and no permissive factor precludes termination, we affirm the juvenile court's termination of parental rights.

Our review of termination decisions is de novo. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). We give weight to the juvenile court's findings, especially assessing witness credibility, although we are not bound by them. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). An order terminating parental rights will be upheld if there is clear and convincing evidence of grounds for termination under section 232.116 (2015). *Id.* Evidence is "clear and convincing" when there are no serious or substantial doubts as to the correctness of the conclusions of law drawn from the evidence. *Id.*

Iowa Code chapter 232 termination of parental rights follows a three-step analysis. *P.L.*, 778 N.W.2d at 39. The court must first determine whether a ground for termination under section 232.116(1) has been established. *Id.* If a ground for termination has been established, the court must apply the best-interest framework set out in section 232.116(2) to decide if the grounds for termination should result in termination of parental rights. *Id.* Finally, if the statutory best-interest framework supports termination of parental rights, the

court must consider if any of the statutory exceptions set out in section 232.116(3) weigh against the termination of parental rights. *Id.*

The juvenile court terminated the mother's parental rights to J.S. pursuant to Iowa Code sections 232.116(1)(b),(e),(h), and (*l*) (2013) and the father's parental rights to J.S. pursuant to sections 232.116(1)(b),(e),(h), (*l*), and (j). Neither parent disputes that the statutory grounds for termination have been met. Thus, any claim of error related to the statutory grounds has been waived. *See Hyler v. Garner*, 548 N.W.2d 864, 870 (Iowa 1996) ("[O]ur review is confined to those propositions relied upon by the appellant for reversal on appeal.").

The mother maintains DHS failed to make reasonable efforts to reunify J.S. with the mother. Specifically, the mother maintains reasonable efforts were denied when DHS refused to allow J.S. to be placed with her in a family treatment program that would address her mental health needs and her substance abuse issues.

According to the mother's testimony, she has struggled with drug addiction for approximately sixteen years. In April 2013, DHS became involved with the family for a second time. The mother tested positive for marijuana and methamphetamine, and J.S. was removed from her care. During the pendency of the case, the mother obtained at least four separate substance abuse evaluations, each of which recommended drug rehabilitation treatment. The mother entered four different treatment programs. She successfully completed one of the programs during the summer of 2014, but the mother admitted she used methamphetamine again afterward. The State filed a petition to terminate parental rights on September 4, 2014—approximately seventeen months after J.S. was removed from his mother's care. The mother entered Jackson

Recovery—the program that required J.S. to join her—on September 12, 2014. On approximately October 1, 2014, the mother contacted DHS to ask if J.S. could be placed with her at the program, and DHS refused. At the time, the mother was only receiving one supervised two-hour visit per week and had used methamphetamine less than one month before. We do not believe this constitutes a failure of reasonable efforts to reunify J.S. with his mother. *See In re C.H.*, 652 N.W.3d 144, 147 (Iowa 2002) ("[W]hat constitutes reasonable services varies based upon the requirements of each individual case.").

The father maintains it was not in J.S.'s best interests to terminate his parental rights. The father was incarcerated on April 23, 2013, shortly after J.S. was removed from the mother's care. There is no record of communication between the father and J.S. since he became incarcerated. The father's tentative discharge date is September 28, 2024. Termination will enable J.S. to achieve permanency. *See In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014) (citing *In re J.E.*, 723 N.W.2d 793, 802 (Iowa 2006) (Cady, J., concurring specially) (noting the "defining elements in a child's best interest" are the child's safety and the "need for a permanent home")).

J.S. should not have to wait endlessly for parents to get their lives together. *D.W.,* 791 N.W.2d at 707. Termination of both parents' parental rights is in the child's best interests. Finding no factor in section 232.116(3) that precludes it, we affirm the termination of the both the mother's and father's parental rights.

**AFFIRMED ON BOTH APPEALS.**